**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2011

No. 10-10517

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE ANTONIO VERA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CR-61-1

Before SMITH, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Vera and his wife pled guilty to aiding and abetting each other in the possession of heroin with the intent to distribute. The district court applied a two-level Sentencing Guidelines enhancement for Mr. Vera's aggravating role and sentenced him to 145 months of imprisonment. Mr. Vera argues that use of the enhancement was clear error because the evidence does not establish that he recruited his wife into the criminal activity. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10517

## STATEMENT OF FACTS

On July 14, 2009, Jose Vera was pulled over by a state trooper for speeding on Interstate 40 in Carson County, Texas. Mr. Vera was driving a rental vehicle with his wife, Jenny Vera, and their five-year-old son. After noticing that the child was not wearing a seatbelt, the trooper asked Mr. Vera to stand outside the vehicle. The trooper then privately questioned Mrs. Vera about their destination. She responded that they were traveling to Oklahoma City to visit a friend named Rosa. Mrs. Vera could not recall their friend's last name or the name of the hotel in which they planned to stay. The trooper posed the same question to Mr. Vera once he reentered the vehicle. Mr. Vera said that they were traveling to Oklahoma City to visit and stay with their friend, Manuel Gonzales.

Based on these inconsistencies, the trooper requested and received consent to search the vehicle. The search yielded 8.04 kilograms of heroin. Mr. and Mrs. Vera were arrested, provided their *Miranda* rights, and transported for questioning.

During his interview, Mr. Vera admitted that he had recently traveled to Mexico to establish a "connection" to transport drugs for money. Two days before his arrest, Mr. Vera spoke on the telephone with a drug dealer he had met during that trip. Mr. Vera was offered $10,000 to pick up a shipment of narcotics in Moreno Valley, California and transport it to Chicago, Illinois. The following day, Mr. Vera rented a vehicle in San Luis, Arizona and drove with his family to Moreno Valley. After placing a telephone call and receiving instructions, Mr. Vera drove to a residential part of town and retrieved a bag of drugs from an unknown Hispanic man. According to Mr. Vera, this was the first time he had transported drugs and his wife was aware of what they were doing.

2

No. 10-10517

Mrs. Vera corroborated most of Mr. Vera's version of events, including her knowledge of the transaction. She also stated that Mr. Vera had transported illegal narcotics on three prior occasions.

An indictment charged Mr. and Mrs. Vera with aiding and abetting each other in the possession of heroin with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 18 U.S.C. § 2. After pleading guilty, Mrs. Vera was sentenced to 120 months of imprisonment. Mr. Vera also pled guilty. Because of his aggravating role in the offense, the presentence report ("PSR") applied a two-level sentencing enhancement. *See* U.S. Sentencing Guidelines Manual § 3B1.1(c). Mr. Vera objected to use of the enhancement, arguing, in relevant part, that there was no proof he "was an organizer, leader, manager, or supervisor" of the offense and that the evidence did not establish that he recruited his wife into the criminal activity. *See id.* The probation officer rejected Mr. Vera's objection, noting that Mr. Vera "had control" over his wife and had "recruit[ed her] to travel with him . . . ."

At the sentencing hearing, Mr. Vera introduced no evidence and did not challenge the PSR's recitation of the facts. He did, however, maintain his objection that the facts did not allow for application of Section 3B1.1(c). The district court adopted the PSR, including the aggravating role enhancement, and sentenced Mr. Vera to 145 months of imprisonment. A timely appeal followed.

## DISCUSSION

We review for clear error a district court's decision to apply Section 3B1.1(c) of the Sentencing Guidelines. *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006). A "defendant must prove that the district court's fact-finding was clearly erroneous, which may include showing the material untruth of the

3

PSR information relied upon by the district court." *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006) (citations omitted). In deciding whether to apply the enhancement, "a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well." *Id.* We will affirm application of the enhancement if it was "plausible in light of the record as a whole." *Id.*

Section 3B1.1(c) provides a two-level increase to a defendant's Guidelines offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" with fewer than five and more than one participant. U.S. Sentencing Guidelines Manual § 3B1.1(c). The enhancement "requires that a defendant be the organizer o[r] leader of at least one other participant in the crime and that he assert control or influence over at least that one participant." *United States v. Jobe*, 101 F.3d 1046, 1065 (5th Cir. 1996).

In this case, the district court did not state its reasons for applying Section 3B1.1(c). Instead it adopted the PSR, which concluded that Mr. Vera "recruited or directed his wife to travel with him." An addendum to the PSR stated that Mr. Vera "was a leader and supervisor of the criminal activity. [His wife] did not participate in planning or facilitating the offense. . . . [She] was a mere passenger in the vehicle."

Mr. Vera urges us to disregard the PSR's statements as conclusory and find that the facts do not support application of the enhancement. "Bald, conclusionary statements do not acquire the patina of reliability by mere inclusion in the PSR." *United States v. Elwood*, 999 F.2d 814, 817-18 (5th Cir. 1993). The uncontested facts, though, support a reasonable inference that Mr. Vera recruited, directed, and led his wife throughout the entirety of the crime.

No. 10-10517

Specifically, Mrs. Vera admitted that Mr. Vera had previously been involved in three drug transactions. Also, Mr. Vera, not his wife, commanded this transaction, first by traveling to Mexico to initiate a relationship with a drug dealer, and then by communicating with various individuals to coordinate the pick-up and delivery of drugs. Mr. Vera, with his family in tow, then proceeded to rent a vehicle and drive from Arizona to California, where he retrieved the drugs and began driving toward the agreed upon drop-off location.

Application of the enhancement was "plausible in light of the record as a whole." *Caldwell*, 448 F.3d at 290. The district court did not clearly err.

AFFIRMED.